**Re: Edward A. APPLEGATE**

v.

**Daniel G. SCOTT, Barbara L. Scott and Terry Frank Teaman.**

**Civ. A. No. 83–4148.**

United States District Court,
D. New Jersey.

March 26, 1984.

Edward A. Applegate, South Orange, N.J., pro se.

Mark Malone, Malone & Villeré, Morristown, N.J., for defendants.

OPINION

STERN, District Judge.

This matter comes before the Court on the motion of defendants to dismiss the complaint for improper venue. Plaintiff opposes their motion and cross-moves for summary judgment on Count II of the complaint and for a reconsideration of this Court's order of January 20, 1984, which granted defendants a protective order against the taking of their depositions in New Jersey. Because of our disposition of defendants' motion, however, we do not reach consideration of plaintiff's motions.

Plaintiff's original complaint charged defendants with breach of a contract to pay him a real estate commission and with assault and battery. Federal jurisdiction of the action was based solely upon diversity: plaintiff resides in New Jersey; defendants reside in Pennsylvania; and the amount in controversy was alleged to be more than $10,000. Plaintiff's cause of action also arose in Pennsylvania, as the complaint contended that the assault occurred in Pittsburgh (Pl.'s complaint, ¶ 2); the property for whose sale plaintiff claims a commission is in Pennsylvania; and the contracts involving the property were apparently signed there.

Under the original complaint, venue was properly laid in this district pursuant to 28 U.S.C. § 1391(a), which states that:

A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in the judicial district where all plaintiffs or all defendants reside, or in which the complaint arose.

Plaintiff later moved to amend his complaint, which motion was granted by this Court in an order of January 24, 1984. The amended complaint added causes of action under 42 U.S.C. §§ 1983 and 1985 in connection with the alleged assault. Under the amended complaint, federal jurisdiction was founded both upon diversity, 28 U.S.C. § 1332, and upon 28 U.S.C. § 1343(a), which gives the district courts jurisdiction

of any civil action brought to recover damages for deprivation of civil rights.

Defendant now moves to dismiss the complaint, alleging that venue is no longer proper in this district pursuant to 28 U.S.C. § 1391(b), which provides that:

A civil action wherein jurisdiction is not founded solely on diversity of citizenship may be brought only in the judicial district where all defendants reside, or in which the claim arose, except as otherwise provided by law ...

Plaintiff argues that defendants' objection to venue is untimely because it was not raised at the time plaintiff moved to amend his complaint. However, we find that defendants' motion to dismiss was made within the time limit set by a scheduling conference held in this case on January 30, 1984, in which defendants were directed by Magistrate Cowen to answer or otherwise plead to plaintiff's complaint by February 10, 1984, or within ten days of the conference. (Letter-Order of 1/30/84).

Plaintiff next argues that venue was proper when the action was originally commenced, and that it therefore should be deemed proper now. He contends that when venue is proper as to plaintiff's original claim, additional counterclaims, cross-claims, etc., brought under the liberal joinder provisions of the federal rules may be considered by the court even if venue would be improper as to those added claims, standing alone.

However, these joinder principles are inapplicable to the issue before us. First of all, it is settled that 28 U.S.C. § 1391(a) is to be strictly and literally construed; that is, this subsection is limited to actions which are founded "solely, entirely, and wholly on diversity," see 1 J. Moore, Federal Practice ¶ 0.142[3] (2d ed. 1972). When two or more separate causes of action are joined in the same complaint, venue as to each must be proper under the statute.

A plaintiff, of course, is permitted to amend his complaint in order to correct jurisdictional defects or to allege a changed basis for jurisdiction. A plaintiff should not, however, be permitted to utilize this liberal amendment procedure to circumvent requirements for properly laying venue. To enable a plaintiff to file a suit grounded only in diversity and subsequently to amend it to allege, in addition, a federal cause of action, without subjecting such a complaint to the venue provisions applicable to actions not founded "solely" upon diversity, would defeat the intent of the venue statute.

Here, plaintiff's complaint, as amended, alleges a cause of action grounded not only in diversity but also in federal law. Accordingly, the propriety of venue must be determined with reference to 28 U.S.C. § 1391(b). Venue is proper only where defendants reside (Pennsylvania) or where the cause of action arose (Pennsylvania).

Where venue is improperly laid in a district, the Court is empowered by 28 U.S.C. § 1406(a) either to dismiss the action or "if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." Because all defendants in this case reside in the Western District of Pennsylvania, and the cause of action arose there, as well, we will accordingly enter an order transferring this matter to the United States District Court for the Western District of Pennsylvania.